ANNA  MINGST,  APPELLANT,  v.  HERMAN  BLECK,
RESPONDENT.

*Answer — when a denial of each and every allegation not admitted is sufficient.*

In this action brought to recover damages for seduction under a promise of
  marriage, the complaint alleged in separate paragraphs, first, the promise of
  marriage; second, the plaintiff's readiness to marry; third, the defendant's
  representation that he was unmarried; fourth, the seduction of the plaintiff
  under the promise of marriage; and fifth, the defendant's refusal to marry.
  The answer first denied "each and every allegation in said complaint con-
  tained, except so much thereof as may be hereinafter admitted," and second,
  admitted that he had an acquaintance with the plaintiff, but denied " each and
  every other part of the fourth allegation in said complaint contained."
*Held,* that the denial was sufficient, and that a motion to have the answer made
  more definite and certain was properly denied.

APPEAL by the plaintiff from an order made at Special Term,
denying a motion to make the answer more definite and certain.

The action was brought to recover the sum of $10,000 damages for
breach of promise to marry.  The complaint alleges in five sepa-
rate, but unnumbered paragraphs : the promise of marriage ; the
plaintiff's readiness to marry ; the defendant's representation that
he was unmarried ; the seduction of the plaintiff under the prom-
ise of marriage ; the defendant's refusal to marry the plaintiff
after the lapse of a reasonable time before the action and after
request made.  The answer reads as follows : " First. He denies
each and every allegation in said complaint except so much thereof
as may be hereinafter admitted."  " Second. He admits that he had
an acquaintance with the plaintiff, but he denies each and every
other part of the fourth allegation in said complaint contained."
After the service of the answer plaintiff moved to make the same
more definite and certain, which motion was denied.  The opinion
of Mr. Justice CULLEN is reported in 7 Civil Procedure Reports,
314, together with the proceedings had on such motion to make the
answer more definite and certain.

*Leonard A. Giegerich,* for the appellant.

*Thomas F. Magnor,* for the respondent.

BARNARD, P. J.:

The case presented is very far removed from the class of cases which have been considered by the courts in respect to the sufficiency of the averments in an answer under section 500 of the Code. A denial of each allegation contrary to or inconsistent with the answer was held insufficient. (*Hammond* v. *Earle*, 5 Abbott N. C., 105.) Other cases are cited similar in principle to the above, where the answer in its scope and meaning left a doubt as to what was admitted and what was denied.

There a party had to determine a denial, by a determination whether the fact set up was avoided or was inconsistent with the answer or was expressly admitted by other parts of the pleading. The present answer leaves no room for doubt.

The complaint sets up a breach of promise of a marriage contract accompanied by seduction and the birth of a child. The answer denies each and every allegation of the complaint except such as are subsequently admitted. It then admits an acquaintance with the plaintiff but denies the entire fourth allegation beyond this. This allegation was the part of the complaint which averred the seduction.

The answer is a full and complete one. Except an admission that the defendant had an acquaintance with the plaintiff it denies every other allegation made by her. The order denying a motion to make it more definite and certain should be affirmed, with costs and disbursements.

DYKMAN and PRATT, JJ., concurred.

Order affirmed, with costs and disbursements.